Argued and submitted December 18, 1985, reversed and remanded June 4, 1986

CLATSOP COUNTY DIKING
DISTRICT NO. 5,
*Respondent,*

*v.*

ASTORIA MARINE CONSTRUCTION CO.,
*Appellant.*

(CC84-822; CA A35547)

719 P2d 1321

Jeffrey M. Batchelor, Portland, argued the cause for appellant. With him on the brief were George C. Fulton, and Anderson, Fulton & Van Thiel, Portland, and Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland.

Philip L. Nelson, Astoria, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

### WARREN, J.

Plaintiff, a local diking district, owns an easement across property belonging to defendant Astoria Marine Construction Co. It seeks a declaratory judgment that it is entitled to raise the height of existing levees built on the easement and to construct an additional levee on a portion of the easement where no levee currently exists. The trial court granted plaintiff's motion for summary judgment, and defendant appeals. We reverse and remand.

The easement was created by three instruments. Defendant's predecessor granted the diking district an easement on December 7, 1937, which states in pertinent part:

> "The parties of the first part do by these presents hereby grant to [plaintiff] the right to build, construct, reconstruct, and repair the levees, * * * and other incidental works appurtenant to the said CLATSOP COUNTY DIKING District No. 5, on, over, and across the following described real property * * * situate, lying and being in the said County of Clatsop, State of Oregon, as of record * * * and as shown on maps and plans of said CLATSOP COUNTY DIKING District No. 5, prepared by the Corps of Engineers, United States Army, which maps and plans bearing date of September 14, 1937, are on file with the County Court of Clatsop County, State of Oregon, to wit:

> "* * * Blocks * * * 107; 108 and 109, JEFFERS GARDENS

> "The said right-of-way across the land of the grantors herein named will have a maximum width of 60 feet and an approximate average width of 60 feet, shown in detail on maps referred to above."

On December 30, 1937, defendant, which then owned property adjacent to that of its predecessor, granted an easement to the diking district that is virtually identical to the December 7 easement, except that the property described is the adjoining blocks 110, 111 and 112, and the right-of-way is 70 feet in width. A third instrument, also made by defendant, dated September 30, 1939, granted an easement and additional right-of-way over blocks 111 and 112. It did not refer specifically to the Corps of Engineers' maps and plans.

The September 14, 1937, Corps of Engineers' plans provide that each levee will be 10.6 feet high. No levee is shown on a particular 71-foot strip of the easement, and the

plans specify "NO LEVEE FOR 71 FEET STA. 31 + 83 TO 32 + 54."

A party is entitled to a summary judgment only when there is no genuine issue of material fact and the moving party should have judgment as a matter of law. ORCP 47C. In construing a deed, the court's duty is to ascertain and give effect to the intentions of the parties, as evidenced by the language of the instrument and the circumstances surrounding its execution. When the language used or the circumstances surrounding the agreement give rise to different inferences of what the parties intended, that question is a factual one. We conclude that different inferences may be drawn from the evidence and that there is a genuine issue of material fact, i.e., whether the parties to the easements intended the maps and plans to restrict the height of the levee on the easements or merely to describe the then-intended plan for construction.

It is not the province of this court to act as a factfinder. Even though, on the record before us, the parties agree that there is no other evidence on the question of whether the easement maps and plans in fact prohibit the building of a levee on the 71 foot strip, that issue is for the trial court as the trier of fact, not for the trial court on summary judgment. The absence of additional evidence does not mean that there can be no conflict on the question of fact.

Evidence of the purpose for which the easements were originally granted and for which the changes are now sought, as well as other circumstances, may affect the trial court's view of the available evidence. Here the error of the trial court is that it concluded that there was no issue of fact and granted summary judgment. We conclude on this record that there is such a question and remand for a determination of the disputed factual inferences on the available evidence.

Reversed and remanded for further proceedings.